**ALD-344**　　　　　　　　　　　　　　　　　　　**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-4003
_____

SHANNON L. MAYO, SR.,
　　　　　　　　　　　　　　　　　　Appellant
v.

COUNTY OF YORK; YORK COUNTY PRISON ADMINISTRATORS;
PRIME CARE MEDICAL EMPLOYEES; WARDEN MARY SABOL;
DEPUTY WARDEN CLAIRE DOLL; CHRIS JENSEN, Head
administrative Service; HEAD NURSE JEN MIOSI; PHYSICIAN
ASSISTANT ROBIN ROCHOW; DOUG HOKE; MICHAEL BUONE;
JOHN STERNER; DONALD REINHART; JACOB KREBS;
OFFICER WEAVER; CAPTAIN ROHRBAUGH; OFFICER DARYMAN;
MAX FINK; JAMIE RONK; SHAWN KRINOCK; BOBBY SKAGGS;
GERALD DILL; STEFF ISON; JOE FRANCISCO; STRALEY;
GEORGE GEMBE; SCOTT; TODD HASKINS; MISTY SHAFFER;
BETTY ANN BECKER; NURSE SHANNON; DANIKA; MAE BALDWIN;
DR. VON KEIL; KIM WINDOM, each defendant is sued individually
and in his (or her) official capacity

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 1-10-cv-01869)
District Judge: Yvette Kane

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. Section 1915(e)(2)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2016

Before:　　AMBRO, SHWARTZ and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 25, 2016)

_____

OPINION[*]

_____

PER CURIAM

Shannon Mayo, Sr., appeals from orders of the District Court dismissing his amended complaint as to some of the defendants and granting summary judgment to the remaining defendants. For the reasons that follow, we will summarily affirm.

Mayo suffers from various serious respiratory diseases, including chronic obstructive pulmonary disease and emphysema. On October 7, 2009, Mayo entered the York County Prison as a pretrial detainee on felony charges. Mayo was immediately evaluated and begin receiving treatment for his condition. Later, he was placed in disciplinary custody for certain infractions. Mayo filed numerous grievances within the prison, complaining about his medical treatment and the conditions of his confinement. On August 20, 2010, Mayo was moved from disciplinary custody to "Med Cell 2," where his medications were closely monitored.

Unsatisfied with the institution's response to his grievances, Mayo filed an in forma pauperis civil rights complaint, 42 U.S.C. § 1983, in the United States District Court for the Middle District of Pennsylvania against thirty-six (36) defendants, which he amended on August 29, 2011. In support of his amended complaint Mayo submitted copies of his grievances and the institution's responses to those grievances. Mayo

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

claimed in his amended complaint that the defendants denied him medical treatment, retaliated against him because he filed grievances, subjected him to unconstitutional conditions of confinement, denied him due process in connection with disciplinary proceedings and in connection with his restricted confinement, punished him more severely than other inmates, made him pay for a damaged mattress, denied him access to the courts, denied him religious materials, and used excessive force on him. The County defendants and Medical defendants moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In an order entered on March 14, 2012, the District Court dismissed a number of claims and parties from the case. Mayo was granted leave to amend but did not further pursue the dismissed claims and parties.[1]

The remaining Medical defendants then filed their first motion for summary judgment, along with a statement of facts, a brief in support, and exhibits, including Mayo's prison medical records. Mayo filed a brief in opposition and a counter-statement of facts. Following the filing of a Report and Recommendation by a Magistrate Judge, and Objections by Mayo, the District Court granted the motion in part in an order entered on March 29, 2013. Meanwhile, the remaining County defendants filed their motion for summary judgment along with a statement of facts, a brief in support, and exhibits, including an affidavit from Deputy Warden Clair Doll, and a videotape of the alleged incident of excessive force. Mayo filed a brief in opposition and a counter-statement of

---

[1] We exercise plenary review over a Rule 12(b)(6) dismissal, see Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). The District Court's order filed on March 14, 2012 is summarily affirmed, substantially for the reasons given by the Magistrate Judge in his February 16, 2012 Report and Recommendation.

facts. The Medical defendants filed a supplemental motion for summary judgment addressing the remaining claims against them. Mayo filed a brief in opposition, an answer to the Medical defendants' statement of facts, and an affidavit. In a thorough Report and Recommendation, the Magistrate Judge recommended that summary judgment be granted to the remaining defendants on all claims. Mayo filed Objections to the report relating to his medical and excessive force claims. In an order entered on June 25, 2016, the District Court wrote separately to overrule the objections and then awarded summary judgment to the remaining defendants on all remaining claims. The Court then denied Mayo's motion for, in effect, reconsideration in an order entered on November 30, 2015.

Mayo appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our Clerk granted Mayo leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary affirmance under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit argument in writing, but he has not done so.

We will summarily affirm. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions" of the record which demonstrate the absence of a genuine dispute of

4

material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the nonmoving party then must present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(c)(1), (e)(2); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A court should grant summary judgment where the non-movant's evidence is merely colorable or not significantly probative, <u>id.</u> at 249-50, because "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial,'" <u>Matsushita Electric Industrial Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

We conclude that summary judgment was proper in Mayo's case and thus we summarily affirm the District Court's two summary judgment orders. The Magistrate Judges involved in this case, in two thorough reports addressing the motions for summary judgment, identified the correct legal standards applicable to Mayo's amended complaint, for example, as it related to pretrial detainees and due process protections, <u>see</u>, <u>e.g.</u>, <u>Bell v. Wolfish</u>, 441 U.S. 520 (1979), and <u>Hubbard v. Taylor</u>, 399 F.3d 150, 164 (3d Cir. 2005); deliberate indifference, <u>see</u>, <u>e.g.</u>, <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994), and <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 67 (3d Cir. 1979); retaliation, <u>see</u>, <u>e.g.</u>, <u>Rauser v. Horn</u>, 241 F.3d 330, 333-34 (3d Cir. 2001); excessive force, <u>see</u>, <u>e.g.</u>, <u>Hudson v. McMillian</u>, 503 U.S. 1, 9-10 (1992); free exercise of religion under the First Amendment, <u>see</u>, <u>e.g.</u>, <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987); and access to the courts, <u>see</u>, <u>e.g.</u>, <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). The Magistrate Judges then gave *every possible consideration* to the allegations in Mayo's 100-page amended complaint and his responses in opposition to the summary judgment motions before concluding that he had

no claims that warranted a trial. The District Court then thoroughly addressed Mayo's objections in two separate opinions before concluding that summary judgment for the defendants was warranted.

We agree with the District Court and Magistrate Judges that Mayo presented no evidence -- on any of his claims -- that would lead a rational trier of fact to find in his favor.[2] With respect to his only substantial claim (in that most of his grievances related to it, and in that the summary judgment record showed, at most, only a de minimis use of force by Officer Ronk), Mayo failed to establish a genuine issue of material fact demonstrating that the defendants acted with deliberate indifference to his serious medical needs. The summary judgment record shows indisputably that Mayo was provided with significant medical services on a frequent basis, and there is no evidence demonstrating that any of the defendants failed to act in response to his serious medical needs. His medical records demonstrate that he received a significant amount of medical care on numerous occasions, often on a daily basis, to treat his respiratory condition. Mayo's amended complaint, exhibits, and responses in opposition to summary judgment only concern his dissatisfaction with the course of the prescribed breathing treatments, a

---

[2] To the extent that Mayo's amended complaint also stated a claim pursuant to the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, et seq., we note that the United States Supreme Court reaffirmed in Holt v. Hobbs, 135 S. Ct. 853 (2015), that RLUIPA was passed to provide "greater protection" for religious liberty than is provided by the First Amendment. Id. at 862. Here, we see no reason for a RLUIPA claim to proceed, however, because Mayo did not meet his minimal burden to show that the prison's policy of rejecting overweight packages burdened his exercise of religion. On the contrary, Exhibit 60 to his amended complaint shows that a Deputy Warden responded positively to his grievance that a Bible was improperly returned to the sender due to its weight by advising Mayo to have his family or friends send the item again, at which time the Deputy Warden would personally review the mailing.

concern which is insufficient to warrant a trial on this constitutional claim. "[P]rison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67. Even if Mayo established for purposes of summary judgment that there are other acceptable ways to treat his breathing problems, see White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990), this still falls short of showing that the defendants disregarded an excessive risk to his health or safety. Farmer, 511 U.S. at 825.[3]

For the foregoing reasons, we will summarily affirm the orders of the District Court dismissing Mayo's amended complaint as to some of the defendants, granting summary judgment to the remaining defendants, and denying reconsideration of those orders.

---

[3] We also will summarily affirm the District Court's order denying Mayo's motion for, in effect, reconsideration, because the motion did not show an intervening change in the law, new evidence, or the need to correct a clear error of law. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).